UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| LAUREN ANN LOMBARDI<br><br>Plaintiff;<br><br>v.<br><br>CDR ADAM BRYAN, in his official capacity as Commanding Officer of the Blue Angels; LT BEN BUSHONG, in his official capacity as Public Affairs Officer of the Blue Angels; and J. DOE, in their official capacity as Social Media Administrator of the Blue Angels,<br><br>Defendants. | Case No. 2:25-CV-1364<br><br><br><br><br><br><br><br><br><br>COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF |

Case No 2:25-CV-1364
Lombardi vs. U.S. Navy Blue Angels
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
Page 1 of 11

PAVISE LAW FIRM
Phone: 206-207-1810
nacim@paviselaw.com

**INTRODUCTION**

1. This is the story of a heart-wrenching emotional loss needlessly compounded by unapologetic Constitutional violations. When a beloved family member was terrorized by the United States Navy's Blue Angels, an American citizen exercised her Constitutional right to criticize her government's role in her daughter's suffering. In response, a cadre of emotionally fragile snowflakes masquerading as naval officers chose the coward's path: they silenced this citizen's speech, violated their oath to the Constitution, and brought disgrace upon the uniform they claim to honor. A year later, when that same vulnerable creature died after enduring yet another sonic assault during her final days on Earth, the Navy's Constitutional betrayal compounded the tragedy — an American remained silenced, unable to voice her grief or otherwise hold her government accountable for its role in her family's suffering.

2. **Every August**, a squadron of F/A-18E/F Super Hornets multirole fighter aircraft descend upon the Puget Sound with the subtlety of a military occupation, conducting screeching low altitude flights with their twin jet engines reaching speeds of over 700 mph and producing decibel levels exceeding 130 dB — louder than a jackhammer at close range and sufficient to cause immediate hearing damage. This auditory carpet bombing is nominally not part of an invading enemy force destined to traumatize a captive civilian population but rather represents the United States Navy's *own* elite aerobatic troupe: the Blue Angels. With an annual budget exceeding $40 million in taxpayer funds, these self-proclaimed ambassadors of naval aviation conduct their cacophonous flight demonstrations ostensibly to ingratiate the general public to the work of the brave men and women of the US Navy — regardless of whether the public consents to this aural assault or not. However, there exists robust public discourse disputing the purported mutual beneficence of this often-fatal stunt show, with mounting evidence that these performances serve primarily to satisfy the Navy's institutional narcissism while

Case No 2:25-CV-1364
Lombardi vs. U.S. Navy Blue Angels
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
Page 2 of 11

PAVISE LAW FIRM
Phone: 206-207-1810
nacim@paviselaw.com

needlessly tormenting vulnerable humans and animals alike.

3. **Every August**, Puget Sound residents endure what can only be described as state-sanctioned acoustic torture. A 2024 University of Washington study found over 74,000 residents exposed to jet noise levels scientifically proven to cause hearing loss, hypertension, and sleep disruption. Veterans with PTSD report flashbacks; autistic care home residents have been terrorized mid-treatment during what should be therapeutic sessions. Meanwhile, a 2020 study published in the Journal of Marine Science and Engineering show such jet noise penetrates Puget Sound waters deep enough to impair endangered and beloved orcas' critical hunting and communication abilities. During training exercises at a California Naval base in 2021, a single "sneak pass" shattered buildings and triggered immediate health effects in nearby Navy personnel. Even internal emails between high-ranking Navy officers grudgingly admit "some valid concerns including safety of citizens and impact to medical patients are being raised" regarding these performances' cacophonous assault on civilian populations.

4. **Every August**, Lauren Ann Lombardi engaged in a familiar American pastime of *complaining to her government about her government's actions through her government's social media accounts*. As the human parent and advocate to her Layla — an elderly cat who suffered from congestive heart disease — Lombardi expressed her displeasure with this taxpayer-funded naval squadron in unambiguously coarse terms that any red-blooded American can understand and appreciate. For the affront of expressing Constitutionally protected criticism, the Constitutionally illiterate bureaucrats running the Blue Angels's Instagram page resorted to censorship instead of accountability, bringing shame upon the Service they purport to represent. These thin-skinned bureaucrats blocked Lombardi from commenting any further, thereby *muzzling* an American citizen while simultaneously *blinding* the broader public from witnessing legitimate grievances against their government.

Case No 2:25-CV-1364
Lombardi vs. U.S. Navy Blue Angels
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
Page 3 of 11

PAVISE LAW FIRM
Phone: 206-207-1810
nacim@paviselaw.com

5. **Every August**, Layla would spend endless hours soaking up sunshine, tracing the days like a sentient sundial in peaceful communion within her protected backyard domain. In the summer of 2024, Layla's heart condition spiraled. Lombardi spent several grueling overnights at an emergency vet where fluid had to be drained from around Layla's failing heart. Layla returned home in critical condition — heavily sedated and desperately exhausted — and unfortunately perfectly timed with yet another Blue Angels sonic barrage. Even through the narcotic fog of sedation and her weakened state, Layla's primitive limbic system overruled her medication and she fled in primal panic beneath furniture, her labored breathing escalating to clinically dangerous levels. Lombardi employed desperate measures to block or muffle the deafening roars — barricading windows with thick blankets, flooding the house with calming music, *physically shielding* Layla's ears — to no avail. Whatever bandwidth Layla's walnut-sized brain could previously gorge upon had been narrowed to a single overwhelming frequency: pure debilitating terror.



*Photo of Layla in her summertime prime*

Case No 2:25-CV-1364
Lombardi vs. U.S. Navy Blue Angels
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
Page 4 of 11

PAVISE LAW FIRM
Phone: 206-207-1810
nacim@paviselaw.com

6. **Every August was good until then**, but no August would ever be the same again. Layla's condition continued to deteriorate and she left home again, for the final time. She spent her last week fighting for her life in a specialty hospital before being humanely euthanized on August 11, 2024, surrounded by her inconsolably grieving family. Layla's final days on Earth were marred by sadistic suffering — cowering in terror beneath furniture while her ailing heart struggled against the Blue Angels's relentless noise pollution. Layla died knowing only fear when she should have known only love.



*Photo of Plaintiff Lauren Lombardi embracing Layla during her final days*

7. The Navy's cowardly censorship and allergy to criticism transformed personal tragedy into Constitutional treason. By maintaining their block against Lombardi's scathing complaints on a subject of intense public interest, taxpayer-funded censors compounded a mother's grief with the bitter knowledge that *her own* government had silenced her voice at a time she needed it most. As precedent in *Knight Institute v. Trump* and other cases had shown, government officials cannot hide behind their own personal sensitivity or cowardice to escape criticism or accountability. Our constitutional order is predicated on a foundational bargain: those who wield

Case No 2:25-CV-1364
Lombardi vs. U.S. Navy Blue Angels
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
Page 5 of 11

PAVISE LAW FIRM
Phone: 206-207-1810
nacim@paviselaw.com

1 government power must subject themselves to the full force of First Amendment

2 scrutiny, regardless of how uncomfortable that criticism makes them. The purpose of

3 this civil action is to compel the government to honor its Constitutional obligations

4 and abide by the very document these defendants swore an oath to defend.

## JURISDICTION & VENUE

6 8. This Court has jurisdiction under 28 U.S.C. § 1331 because this action arises

7 under the Constitution of the United States, and under 28 U.S.C. §§ 2201–2202 for

8 declaratory relief.

9 9. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) and (e)(1). A

10 substantial part of the events giving rise to this claim occurred in this District, and

11 each Defendant is an officer of the United States sued in their official capacity.

## PARTIES

13 10. PLAINTIFF LAUREN ANN LOMBARDI is a resident of Seattle, WA. She

14 operates an Instagram account under the handle @lo_laa.

15 11. DEFENDANT COMMANDER ADAM BRYAN is sued in his official capacity

16 as Commanding Officer of the U.S. Navy Blue Angels. Commander Bryan is

17 responsible for the overall command and operations of the Blue Angels flight

18 demonstration squadron, including oversight of their public communications and

19 social media presence.

20 12. DEFENDANT LIEUTENANT BEN BUSHONG is sued in his official

21 capacity as Public Affairs Officer of the U.S. Navy Blue Angels. Lieutenant Bushong

22 is responsible for managing public affairs operations for the Blue Angels, including

23 social media policy implementation and public communications strategy.

24 13. DEFENDANT J. DOE is sued in their official capacity as Social Media

25 Administrator of the Blue Angels. Doe was responsible for managing the Blue

26 Angels' social media accounts, including the Instagram account (@usnavyblueangels)

27 that blocked Plaintiff's account.

28

Case No 2:25-CV-1364  
Lombardi vs. U.S. Navy Blue Angels  
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF  
Page 6 of 11

PAVISE LAW FIRM  
Phone: 206-207-1810  
nacim@paviselaw.com

# FACTUAL ALLEGATIONS

14. Layla was the greatest cat that ever lived, and her final days on this Earth were pockmarked by debilitating terror brought on by the actions of the United States Government.

15. Plaintiff Lauren Ann Lombardi was the devoted mother to Layla and is a passionate advocate for the welfare of all animals. She honors Layla's memory through the Instagram account @gardenoflay.

16. Plaintiff Lombardi respects and supports the United States Armed Forces and their mission, and her criticism of the Blue Angels was narrowly focused on the specific environmental and Constitutional harms caused by their demonstration practices and subsequent censorship activities.

17. Instagram is a social media platform that allows users to create accounts, publish content, message each other, and interact through comments on posts. Government entities use Instagram to communicate with the public about official business.

18. Government Instagram accounts serve dual functions: they provide direct communication channels between government and citizens, and they create public commentary spaces where citizens coordinate and discuss matters of public interest with each other.

19. Instagram's blocking function prevents blocked users from viewing content, commenting on posts, or sending messages to the blocking account, thereby excluding them from both direct communication as well as public discourse occurring on that account's page.

20. Instagram's blocking function operates surreptitiously — blocked users are not notified they've been blocked. A blocked user visiting the blocking account will encounter a fictitious "No posts yet" notice, while in reality the blocking account's posts are simply not accessible to the blocked user. Similarly, blocked users can still "send" direct messages even if the platform prevents the recipient from receiving

Case No 2:25-CV-1364
Lombardi vs. U.S. Navy Blue Angels
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
Page 7 of 11

PAVISE LAW FIRM
Phone: 206-207-1810
nacim@paviselaw.com

them.

21. The United States Navy Blue Angels flight squadron maintains an official Instagram account under the handle @usnavyblueangels that they use to share information about their performances, engage with the public regarding their activities, and solicit public comments and feedback about their operations.

22. Starting on or about July 31st, the Blue Angels began conducting low-altitude flight practices and demonstrations all over the greater Seattle metropolitan area, multiple times a day, generating significant noise and disruption in residential neighborhoods.

23. In response to the demonstrations and out of concern for her ailing cat Layla, Plaintiff posted multiple critical comments and direct messages from her personal account @lo_laa to the @usnavyblueangels official Instagram account, urging them to consider the harm caused to local residents and their animals.

24. Plaintiff's messages included direct criticism along with general displeasure: **"Stop with your Fucking bullshit you are terrorizing my cat and all the other animals and wildlife. Fuck off"** and **"Nobody gives a fuck about your stupid little planes"**.

25. In addition, Plaintiff left multiple comments on @usnavyblueangels posts or tagging their handle on other accounts' posts, directing other users to sign a *Change.org* petition titled "*We All Want to Feel Safe: No More Blue Angels Over Seattle.*"

26. On or about August 5th, 2023, the Blue Angels blocked Plaintiff's account from any further interactions. In response, Plaintiff sent them a direct message calling them **"cowards"** which appeared to send but was never delivered due to the blocking.

Case No 2:25-CV-1364
Lombardi vs. U.S. Navy Blue Angels
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
Page 8 of 11

PAVISE LAW FIRM
Phone: 206-207-1810
nacim@paviselaw.com



*Screenshots of the parting missives, and the blockee's response*

27. The blocking occurred within days of Plaintiff's critical messages and was directly caused by the viewpoint expressed in her speech criticizing the Blue Angels' impact on vulnerable animals and civilian populations.

28. None of Plaintiff's speech directed at the Blue Angels was ever in violation of any of Instagram's Terms of Service.

29. As a result of the blocking, Plaintiff suffered immediate and ongoing Constitutional harm: she was prevented from communicating *with* the Blue Angels, receiving information *from* their account, *viewing public discourse* on their page, and *having others see* her Constitutionally protected criticism of government actions.

30. Upon information and belief, the Blue Angels deleted critical comments left on their posts by Plaintiff.

31. The blocking remains in effect to this day. Plaintiff has suffered and continues to suffer frustration, distress, and prevention from participating in public discourse about subsequent Blue Angels performances and their impact on vulnerable populations.

32. In 2024, Layla died after suffering through a Blue Angels sonic assault

Case No 2:25-CV-1364
Lombardi vs. U.S. Navy Blue Angels
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
Page 9 of 11

PAVISE LAW FIRM
Phone: 206-207-1810
nacim@paviselaw.com

during her final days. Plaintiff's continued blocking prevented her from expressing her grief and renewed criticism of the government actions that contributed to her beloved companion's death and suffering, compounding her Constitutional injury during a time when her need for expressive speech was most relevant.

**CAUSE OF ACTION**

33. Plaintiff repeats the allegations set forth above as if fully set forth herein.

34. Defendant's operation of the official @usnavyblueangels Instagram account constitutes the creation of a public forum under the United States Constitution.

35. Defendants' blocking of Plaintiff from the @usnavyblueangels Instagram account violates the First Amendment because it imposes a viewpoint-based restriction on her participation in a public forum.

36. Defendants' blocking of Plaintiff from the @usnavyblueangels Instagram account violates the First Amendment because it imposes a viewpoint-based restriction on her access to official statements the U.S. Navy Blue Angels otherwise make available to the general public.

37. Defendants' blocking of Plaintiff from the @usnavyblueangels Instagram account violates the First Amendment because it imposes a viewpoint-based restriction on her ability to petition the government for redress of grievances.

Case No 2:25-CV-1364
Lombardi vs. U.S. Navy Blue Angels
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
Page 10 of 11

PAVISE LAW FIRM
Phone: 206-207-1810
nacim@paviselaw.com

# RELIEF REQUESTED

WHEREFORE, Plaintiff requests this Court:

1. Declare that Defendants' blocking of Plaintiff from the official @usnavyblueangels Instagram account is unconstitutional;
2. Enter an injunction requiring Defendants to unblock Plaintiff from the @usnavyblueangels Instagram account, and prohibiting Defendants from blocking the Plaintiff or anyone else from the account on the basis of viewpoint;
3. Order Defendants to take remedial training on the fundamental importance of the First Amendment which the brave men and women of the U.S. Navy are sworn to protect;
4. Award Plaintiff her costs, including reasonable attorneys' fees, pursuant to 28 U.S.C. § 2412; and
5. Grant any additional relief as may be just and proper.

RESPECTFULLY SUBMITTED this July 21 day of 2025.

/s/Nacim Bouchtia
Nacim Bouchtia, WSBA #47993
Pavise Law Firm
600 1st Ave Ste 102 PMB 2505
Seattle, WA 98104
nacim@paviselaw.com
206-207-1810

Case No 2:25-CV-1364
Lombardi vs. U.S. Navy Blue Angels
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
Page 11 of 11

PAVISE LAW FIRM
Phone: 206-207-1810
nacim@paviselaw.com