The Honorable James L. Robart

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LAUREN ANN LOMBARDI,<br><br>                  Plaintiff,<br><br>    v.<br><br>CDR ADAM BRYAN, in his official capacity as Commanding Officer of the Blue Angels, *et al.*,<br><br>                  Defendants. | Case No. 2:25-cv-01364-JLR<br><br>**DEFENDANTS' OPPOSITION TO MOTION FOR ENTRY OF DEFAULT AND CROSS-MOTION TO DISMISS**<br><br>Defendants' Motion To Dismiss Noted for Consideration: April 9, 2026 |

Plaintiff Lauren Ann Lombardi's Motion for Entry of Default must be denied because she failed to properly serve Defendants as required by Federal Rule of Civil Procedure 4(i). For this same reason, Lombardi's complaint should be dismissed for lack of personal jurisdiction and failure to timely serve under Federal Rules of Civil Procedure 12(b)(2), 12(b)(5), and 4(m).

## BACKGROUND

Lombardi filed her Complaint on July 21, 2025. Dkt. 1. She brings suit against various officers of the Navy's Blue Angels flight demonstration squadron, asserting that the Blue Angels "terrorized" her elderly cat with "state-sanctioned acoustic torture" and then engaged in "Constitutional treason" by blocking Lombardi from the Blue Angels' Instagram account after she

DEFENDANTS' OPP'N TO MOTION FOR ENTRY
OF DEFAULT AND CROSS-MOTION TO DISMISS
[Case No. 2:25-cv-01364-JLR] - 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  sent it numerous profanity-laden direct messages and comments. *Id.* ¶¶ 1-4, 23-31.

2      The United States Attorney's Office for the Western District of Washington (USAO)
3  received a mailing from Lombardi's counsel on July 30, 2025, that consisted of a bare summons,
4  with no complaint attached. Bishop Decl., ¶ 2 & Ex. A. The USAO has no record of any further
5  mailings or attempts to serve or contact it regarding this lawsuit. *Id.* ¶ 3. (Undersigned counsel is
6  still working to determine whether Lombardi's mailings to the Attorney General's Office or to the
7  individual Defendant officers contained the required documents. *Id.* ¶ 4.)

8      On December 16, 2025, the Court entered an order to show cause why the action should
9  not be dismissed for failure to effect service of process. Dkt. 3. In her response to the order,
10  Lombardi's counsel asserted, incorrectly, that he had sent a copy of the summons and complaint
11  to the USAO. Dkt. 4 at 3.

12      On March 10, 2026, the Court entered an order directing Lombardi to either file a motion
13  for default or show cause why entry of default was not appropriate. Dkt. 5. Lombardi filed a motion
14  for default, again incorrectly representing that the USAO had been served. Dkt. 6 at 2.

15  ## LEGAL STANDARD

16      "Before a federal court may exercise personal jurisdiction over a defendant, the procedural
17  requirement of service of summons must be satisfied." *Omni Cap. Int'l v. Rudolf Wolff & Co.*, 484
18  U.S. 97, 104 (1987). A federal court does not have jurisdiction over a defendant unless the
19  defendant has been served properly under Rule 4. *Direct Mail Specialists, Inc. v. Eclat*
20  *Computerized Tech., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). Once challenged, plaintiff bears the
21  burden of establishing that service is complete and valid under Rule 4. *Brockmeyer v. May*, 383
22  F.3d 798, 801 (9th Cir. 2004). Rule 12(b)(5) authorizes the district court to dismiss a complaint
23  without prejudice based on improper service of process. Fed. R. Civ. P. 12(b)(5). And Rule 4(m)
24

DEFENDANTS' OPP'N TO MOTION FOR ENTRY
OF DEFAULT AND CROSS-MOTION TO DISMISS
[Case No. 2:25-cv-01364-JLR] - 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

allows the court to dismiss an action if plaintiff fails to effect service within 90 days of filing the complaint. Fed. R. Civ. P. 4(m).

## ARGUMENT

Lombardi's motion for entry of default must be denied because she never properly served Defendants. And her complaint should be dismissed, because at this point, she has far exceeded her 90-day window to effect service.

### A. Lombardi's Motion Should Be Denied Because She Failed To Serve Defendants

To properly serve an agency or officer of the United States agency in their official capacity, a plaintiff must: (1) deliver a copy of the summons and complaint on the United States Attorney for the district in which the case is filed; (2) send a copy of the complaint and summons to the United States Attorney General; and (3) send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee." Fed. R. Civ. P. 4(i)(1) & (2). But Lombardi failed to do so.

Lombardi's counsel's assertion that he served a copy of the complaint on the USAO is incorrect. He served only a bare summons, which is insufficient to fulfill Lombardi's duties under Rule 4(i). *See, e.g.*, *Priddis v. United States*, No. 3:25-cv-05056-DGE, 2025 WL 2458187 (W.D. Wash. Aug. 26, 2025). Because Lombardi never properly served Defendants, her motion for entry of default must be denied.

### B. Lombardi's Complaint Should Be Dismissed

The Court should also dismiss the complaint for lack of personal jurisdiction and insufficient service of process. The service requirements of Rule 4(i) are not optional, and courts in this district routinely dismiss complaints for failure to abide by them within the 90-day period prescribed by Rule 4(m). *See, e.g.*, *Johnson v. Collins*, No. C-24-0934JLR, 2025 WL 3671759, at *2 (W.D. Wash. Dec. 10, 2025) (denying plaintiff's motions for entry of default and dismissing

DEFENDANTS' OPP'N TO MOTION FOR ENTRY OF DEFAULT AND CROSS-MOTION TO DISMISS
[Case No. 2:25-cv-01364-JLR] - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

action where plaintiff failed to show proper service on federal defendants); *Carr v. Naval Base Kitsap Bremerton*, No. 3:18-cv-06005-RJB, 2021 WL 322518, *2 (W.D. Wash. Feb. 1, 2021) (dismissing complaint in part for lack of personal jurisdiction and insufficient service of process for failure to serve the United States Attorney General); *Rohrig v. Pratt*, No. 20-5829-RJB, 2020 WL 6781476, at *1-2 (W.D. Wash. Nov. 18, 2020). The Court should do the same here.

## CONCLUSION

For the foregoing reasons, Lombardi's motion for entry of default should be denied and her claims against Defendants dismissed.

DATED this 12th day of March, 2026.

Respectfully submitted,

*s/ Sarah Louise Bishop*
SARAH LOUISE BISHOP, NY No. 5256359
Assistant United States Attorney
United States Attorney's Office
Western District of Washington
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: 206-553-7970
Fax:    206-553-4073
Email: sarah.bishop@usdoj.gov

*Attorneys for Defendants*

I certify that this memorandum contains 846 words, in compliance with the Local Civil Rules.

DEFENDANTS' OPP'N TO MOTION FOR ENTRY
OF DEFAULT AND CROSS-MOTION TO DISMISS
[Case No. 2:25-cv-01364-JLR] - 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970