UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| LAUREN ANN LOMBARDI | Case No. 2:25-CV-01364-JLR |
| Plaintiff; | |
| v. | |
| CDR ADAM BRYAN, in his official capacity as Commanding Officer of the Blue Angels; *et al.*, | PLAINTIFF'S REPLY RE: DEFAULT AND DISMISSAL |
| Defendants. | |

Case No 2:25-CV-01364-JLR
Lombardi vs. U.S. Navy Blue Angels
PLAINTIFF'S REPLY RE: DEFAULT AND DISMISSAL
Page 1 of 5

PAVISE LAW FIRM
Phone: 206-207-1810
nacim@paviselaw.com

Plaintiff files this reply in support of her motion for entry of default and in opposition to Defendants' cross-motion to dismiss.

This is a narrow factual dispute about what was inside a mailing Defendants admit receiving. Defendants do not dispute that Plaintiff mailed service packets to the required recipients, or that the United States Attorney's Office received a mailing from Plaintiff's counsel. Their position is narrower: they contend their records do not show that the complaint was included in the USAO mailing, and they acknowledge they are still determining what documents other recipients received. Bishop Decl. ¶ 4.

Plaintiff submits contemporaneous, sworn, and specific evidence resolving that uncertainty. As set forth in the Supplemental Declaration of Nacim Bouchtia, on July 23, 2025, counsel printed copies of the complaint at a commercial print shop located across the street from the postal service location, immediately proceeded to that postal service location, and mailed certified service packets to the United States Attorney for the Western District of Washington, the Attorney General of the United States, and each named Defendant in his or her official capacity.

Each packet contained both the summons and the complaint. Bouchtia Suppl. Decl. ¶¶ 5-12. There was no separate "summons-only" mailing. The mailing Defendants identify is the same mailing that included the complaint. *Id.* ¶ 9.

## I.    DEFENDANTS WERE PROPERLY SERVED

Rule 4 required service of the summons together with the complaint, and service on official-capacity federal officers required service on the United States plus certified-mail copies to the officers. Fed. R. Civ. P. 4(c)(1), 4(i)(1), 4(i)(2).

Plaintiff did exactly that. The contemporaneous evidence submitted is specific and mutually reinforcing:

- The print-order confirmation and the photographs show the complaint was printed immediately before mailing; Bouchtia Suppl. Decl. ¶ 5-8.
- The photographs show the complaint, the addressed envelopes, and the

Case No 2:25-CV-01364-JLR
Lombardi vs. U.S. Navy Blue Angels
PLAINTIFF'S REPLY RE: DEFAULT AND DISMISSAL
Page 2 of 5

PAVISE LAW FIRM
Phone: 206-207-1810
nacim@paviselaw.com

assembly of the service packets at the time of mailing; *Id.* ¶ 9.

- The certified-mail slips and tracking records match the packets shown in the photographs and the tracking numbers previously submitted. *Id.* ¶ 3.



Photograph of Plaintiff Lauren Ann Lombardi inserting the complaint into one of the service envelopes on July 23, 2025, at exactly 3:49 PM. *Id.* ¶ 9.



Photograph of counsel Nacim Bouchtia holding the labeled service envelopes on July 23, 2025, at exactly 3:50 PM. *Id.* ¶ 11.

Case No 2:25-CV-01364-JLR
Lombardi vs. U.S. Navy Blue Angels
PLAINTIFF'S REPLY RE: DEFAULT AND DISMISSAL
Page 3 of 5

PAVISE LAW FIRM
Phone: 206-207-1810
nacim@paviselaw.com

Defendants, by contrast, offer only internal uncertainty. Their declaration does not affirmatively establish that the complaint was absent, only that the USAO's records reflect a mailing and that counsel is "still working to determine" what documents other recipients received. Bishop Decl. ¶ 4.

Nearly three weeks later and Defendants have offered no further updates. Plaintiff's evidence is based on personal knowledge and contemporaneous documentation. Defendants' position is not.

## II.    DEFICIENT SERVICE CANNOT WARRANT DISMISSAL

Even if Plaintiff's original proof of service was sparse, that would not invalidate completed service. Rule 4 expressly provides: "Failure to prove service does not affect the validity of service. The court may permit proof of service to be amended." Fed. R. Civ. P. 4(l)(3).

That is precisely what Plaintiff has done. Plaintiff's supplemental declaration supplies an abundance of detail to conclusively establish that service was timely and proper in July 2025. If the Court concludes that any aspect of Rule 4(i) was technically incomplete, dismissal still would be improper. Rule 4(i)(4) provides that the Court *must* allow a reasonable time to cure service failures. Fed. R. Civ. P. 4(i)(4). Defendants' requested dismissal overshoots even their own theory. At most, on their view, the proper result would be a reasonable opportunity to cure.

## III.    DEFAULT REMAINS APPROPRIATE.

Plaintiff timely served Defendants months ago, and Defendants did not appear until after Plaintiff moved for default. Their current opposition does not erase the fact of their prior failure to respond after service.

Case No 2:25-CV-01364-JLR
Lombardi vs. U.S. Navy Blue Angels
PLAINTIFF'S REPLY RE: DEFAULT AND DISMISSAL
Page 4 of 5

PAVISE LAW FIRM
Phone: 206-207-1810
nacim@paviselaw.com

Plaintiff therefore respectfully maintains her request for entry of default. At minimum, Defendants' cross-motion to dismiss should be denied and this matter should proceed.

RESPECTFULLY SUBMITTED this April 1 day of 2026.

/s/Nacim Bouchtia
Nacim Bouchtia, WSBA #47993
Pavise Law Firm
600 1st Ave Ste 102 PMB 2505
Seattle, WA 98104
nacim@paviselaw.com
206-207-1810

Case No 2:25-CV-01364-JLR
Lombardi vs. U.S. Navy Blue Angels
PLAINTIFF'S REPLY RE: DEFAULT AND DISMISSAL
Page 5 of 5

PAVISE LAW FIRM
Phone: 206-207-1810
nacim@paviselaw.com