The Honorable James L. Robart

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LAUREN ANN LOMBARDI,

                              Plaintiff,

        v.

CDR ADAM BRYAN, in his official capacity
as Commanding Officer of the Blue Angels, *et
al*.,

                              Defendants.

Case No. 2:25-cv-01364-JLR

**DEFENDANTS' REPLY IN SUPPORT
OF CROSS-MOTION TO DISMISS**

Noted for Consideration: April 9, 2026

Lombardi's complaint should be dismissed for lack of personal jurisdiction and failure to timely serve under Federal Rules of Civil Procedure 12(b)(2), 12(b)(5), and 4(m).

## ARGUMENT

While Lombardi continues to assert she properly served a summons and complaint on the U.S. Attorney's Office, the photographs she submits prove she did not.

The U.S. Attorney's Office service address is 700 Stewart Street, Suite 5220, Seattle, WA 98101-1271, and that is the address Lombardi's counsel purports to have served. Dkt. 11, ¶ 3.a. But the photographs included in Lombardi's opposition papers show that Lombardi's counsel did not, in fact, serve that address. He addressed the envelope to the "USAO Civil Clerk," not the

DEFENDANTS' REPLY IN SUPPORT OF
CROSS-MOTION TO DISMISS
[Case No. 2:25-cv-01364-JLR] - 1

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101
(206) 553-7970

"U.S. Attorney's Office," and omitted both the U.S. Attorney's Office suite number at 700 Stewart Street and its +4 zip code. Dkt. 11, ¶¶ 8-10. As the Court is aware, 700 Stewart Street is the courthouse building, and 98101 without the +4 code is the zip code for the court clerk. Unsurprisingly, then, it appears that Lombardi's envelope—addressed to a "Clerk," bearing the zip code of the court clerk's office, and lacking the U.S. Attorney's title or suite number—was delivered to the district court clerk, not the U.S. Attorney's Office. And indeed, the copy of the summons that reached the U.S. Attorney's Office bears stamps demonstrating the envelope was initially delivered to and opened by the court clerk. *See* Dkt. 9, Ex. A at 1-3. In sum, even if counsel is correct in his belief (not substantiated by his photographs) that he included a copy of the complaint in the envelope he mailed, Lombardi's evidence conclusively shows that the complaint was never properly served on the U.S. Attorney's Office.

As Lombardi notes, FRCP 4(i)(4) requires that a party be given a "reasonable time" to cure its failure to serve the United States or its agencies. Here, however, Lombardi not only failed to properly serve the U.S. Attorney's Office for nine months—the record shows she rejected every opportunity the Court gave her to correct her service errors, and in so doing, repeatedly misrepresented her service attempt to the Court.

Lombardi filed and purported to serve her complaint in July 2025—and then did nothing. In December 2025, the Court issued an order to show cause (Dkt. 3), to which Lombardi responded with a sworn declaration from her counsel representing that he had served the U.S. Attorney's Office at its correct service address (Dkt. 4 at 3)—a representation which, as shown above, was not accurate, and which a reasonable inquiry would have shown him was not accurate. When the Court issued another order to show cause in March 2026 (Dkt. 5), Lombardi doubled down, filing a baseless motion for default relying on that same inaccurate representation from counsel. Dkt. 6. And in her opposition to Defendants' cross-motion, she repeated that representation for the third

DEFENDANTS' REPLY IN SUPPORT OF
CROSS-MOTION TO DISMISS
[Case No. 2:25-cv-01364-JLR] - 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

time (Dkt. 10)—supported with a second inaccurate declaration from counsel. Dkt. 11, ¶ 3. This is not the type of diligence coupled with inadvertent mistake that Rule 4(i)(4) seeks to reward, and Lombardi has already had far more than "reasonable time" beyond Rule 4's usual 90 days to cure her improper service. The court should dismiss Lombardi's complaint for lack of personal jurisdiction and insufficient service of process. *See, e.g.*, *Johnson v. Collins*, No. C-24-0934JLR, 2025 WL 3671759, at *2 (W.D. Wash. Dec. 10, 2025) (denying plaintiff's baseless motions for entry of default and dismissing action where plaintiff failed to show proper service on federal defendants).

## CONCLUSION

For the foregoing reasons, Lombardi's claims against Defendants should be dismissed.

DATED this 9th day of April, 2026.

Respectfully submitted,

*s/ Sarah Louise Bishop*
SARAH LOUISE BISHOP, NY No. 5256359
Assistant United States Attorney
United States Attorney's Office
Western District of Washington
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: 206-553-7970
Fax:    206-553-4073
Email: sarah.bishop@usdoj.gov

*Attorneys for Defendants*

I certify that this memorandum contains 596 words, in compliance with the Local Civil Rules.

DEFENDANTS' REPLY IN SUPPORT OF
CROSS-MOTION TO DISMISS
[Case No. 2:25-cv-01364-JLR] - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970