UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LAUREN ANN LOMBARDI, | CASE NO. C25-1364JLR |
| Plaintiff, | ORDER |
| v. | |
| ADAM BRYAN, et al., | |
| Defendants. | |

## I.    INTRODUCTION

Before the court are (1) Plaintiff Lauren Ann Lombardi's motion for entry of default against Defendants Adam Bryan, Ben Bushong, and J. Doe (together, "Defendants") (Default Mot. (Dkt. # 6)) and (2) Defendants' cross-motion to dismiss (MTD (Dkt. # 8); MTD Reply (Dkt. # 12)).  Each party opposes the other party's motion.  (*See* MTD at 3 (responding to Ms. Lombardi's motion for entry of default); MTD Resp. (Dkt. # 10).)  The court has considered the parties' submissions, the relevant portions of the record, and the governing law.  Being fully advised, the court DENIES Ms.

ORDER - 1

Lombardi's motion for entry of default, DENIES Defendants' motion to dismiss, QUASHES Ms. Lombardi's July 2025 attempt at service, and ORDERS Ms. Lombardi to file proof of proper service by no later than May 13, 2026.

## II.   BACKGROUND

Ms. Lombardi alleges that the noise generated by the United States Navy's Blue Angels jet squadron's practices and performances frightened and led to the death of her elderly cat in 2024.  (Compl. (Dkt. # 1) ¶¶ 4-6.)  She further alleges that after she posted comments and messages critical of the Blue Angels on the Blue Angels' official Instagram account, the Blue Angels blocked her from commenting on posts by and sending messages to that account.  (*Id.* ¶¶ 23-28.)  Ms. Lombardi asserts that the Blue Angels violated her First Amendment rights by blocking her from participating in public discourse about Blue Angels performances.  (*Id.* ¶¶ 29-31.)

Ms. Lombardi filed her complaint for declaratory and injunctive relief on July 21, 2025. (*Id.* at 1.)  She names as Defendants Blue Angels Commanding Officer Adam Bryan, Blue Angels Public Affairs Officer Lt. Ben Bushong, and Blue Angels Social Media Administrator J. Doe, all in their official capacities.  (*Id.* ¶¶ 10-13.)  The Clerk issued summonses on July 22, 2025.  (7/22/25 Not. (Dkt. # 2).)

Nearly five months passed without Ms. Lombardi filing proof of service.  (*See generally* Dkt.)  Accordingly, on December 16, 2025, the court issued an order directing Ms. Lombardi to show cause why it should not dismiss this case under Federal Rule of Civil Procedure 4(m) for failure to effect service within 90 days after filing the complaint.  (12/16/25 OSC (Dkt. # 3).)  Ms. Lombardi responded to the order to show

cause on December 17, 2025.  (12/17/25 OSC Resp. (Dkt. # 4).)  She asserted that on July 23, 2025, she served Defendants pursuant to Federal Rule of Civil Procedure 4(i) by sending the summons and a copy of the complaint by certified mail to the United States Attorney for the Western District of Washington, the Attorney General of the United States, and each named Defendant in their official capacity.  (*Id.* at 2; *see also id.* at 3-4 ("12/17/25 Bouchtia Decl.") ¶ 2.)

On March 10, 2026, after nearly three more months passed without Ms. Lombardi taking any action in her case, the court ordered Ms. Lombardi to file, by no later than March 17, 2026, either a motion for entry of default or an explanation of why entry of default would not be appropriate at that time.  (3/10/26 OSC (Dkt. # 5).)  On March 11, 2026, Ms. Lombardi filed the motion for entry of default now before the court.  (Default Mot.)  She again asserts that she properly served Defendants under Rule 4(i) on July 23, 2025, and further asserts that entry of default is appropriate because no Defendant answered her complaint within 60 days after she served the United States Attorney.  (*See generally id.* (citing Fed. R. Civ. P. 12(a)(2)).)  Counsel appeared for Defendants the next day and filed Defendants' cross-motion to dismiss and response to Ms. Lombardi's motion for entry of default.  (*See* NOA (Dkt. # 7); MTD.)  The motions are now fully briefed and ripe for decision.

### III.    ANALYSIS

Defendants argue that the court should deny Ms. Lombardi's motion for entry of default and dismiss her case for lack of personal jurisdiction and insufficient service of process.  (MTD at 1.)  Ms. Lombardi, meanwhile, asserts that she properly served

ORDER - 3

Defendants in July 2025 and that the court should grant her motion for default. (*See generally* MTD Resp.) The court disagrees with both parties and allows Ms. Lombardi a second chance to demonstrate proper service.

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987); *see Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("In the absence of service of process . . . a court ordinarily may not exercise power over a party the complaint names as defendant."). On a motion to dismiss for insufficient service of process under Federal Rule of Civil Procedure 12(b)(5), the plaintiff bears the burden of establishing the validity of service. *See Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). The court has broad discretion under Rule 12(b)(5) to either dismiss the action for failure to effect timely and proper service or quash the defective service and permit re-service. *See S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006) ("[T]he choice between dismissal and quashing service of process is in the district court's discretion" (citation omitted)).

Rule 4(i) governs service on the United States and its officers and employees. *See* Fed. R. Civ. P. 4(i). To serve a United States officer or employee in an official capacity, the plaintiff must serve the United States and also send a copy of the summons and complaint by registered or certified mail to the defendant officer or employee. Fed. R. Civ. P. 4(i)(2). To serve the United States by certified mail, as Ms. Lombardi asserts she has done here, the plaintiff must send a copy of the summons and complaint to (1) the

ORDER - 4

civil-process clerk at the United States Attorney's Office for the district where the action was brought and (2) the Attorney General of the United States. Fed. R. Civ. P. 4(i)(1)(A)(ii), (B). Under Rule 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The court must, however, extend Rule 4(m)'s 90-day limit if the plaintiff shows good cause for failing to effect timely service. *Id*. Furthermore, Rule 4(i)(4) provides that "[t]he court must allow a party a reasonable time to cure its failure to . . . serve a person required to be served under Rule 4(i)(2)[.]" Fed. R. Civ. P. 4(i)(4)(A).

Defendants assert that service was insufficient, and thus the court lacks personal jurisdiction over them, because Ms. Lombardi failed to properly serve the United States Attorney's Office for the Western District of Washington ("USAO"). (*See generally* MTD.) Defendants represent that the USAO "received a mailing from [Ms.] Lombardi's counsel on July 30, 2025, that consisted of a bare summons, with no complaint attached." (*Id.* at 2 (citing Bishop Decl. (Dkt. # 9) ¶ 2, Ex. A (showing that the packet the USAO received by certified mail included a copy of the summons for each Defendant, but did not include a copy of the complaint)).) According to Defendants, the USAO "has no record of any further mailings or attempts to serve or contact it regarding this lawsuit." (*Id.* (citing Bishop Decl. ¶ 3).) Defendants are investigating whether Ms. Lombardi's mailings to the United States Attorney General and the individual Defendants contained the correct documents. (*Id.* (citing Bishop Decl. ¶ 4).)

ORDER - 5

In response, Ms. Lombardi asserts that she properly served the USAO.  (*See generally* MTD Resp.)  Counsel for Ms. Lombardi represents that on July 23, 2025, he printed copies of the complaint at a print shop and then proceeded directly to a postal service provider, where he and Ms. Lombardi prepared service packets containing the summons and complaint for each of the entities to be served.  (4/1/26 Bouchtia Decl. (Dkt. # 11) ¶¶ 3-13 (describing the process counsel and Ms. Lombardi used to assemble and mail the service packets).)  Counsel asserts that photographs taken on the day he and Ms. Lombardi prepared and mailed the service packets demonstrate that the packets contained the summons and 11-page complaint because they were "visibly filled and bulging in a manner consistent with multiple pages of printed material folded and inserted together."  (*Id.* ¶¶ 9-10.)  In his declaration, counsel states that he sent the summons and complaint to the following address:

> United States Attorney for the Western District of Washington
> 700 Stewart Street, Suite 5220
> Seattle, WA  98101-1271

(*Id.* ¶ 3(a); *see also* 12/17/25 Bouchtia Decl. ¶ 2(a) (also stating that counsel sent the summons and complaint to the above address).)  The photographs counsel included with his declaration, however, show that the packet meant for the USAO was addressed to:

> USAO Civil Clerk
> 700 Stewart Street
> Seattle, WA  98101

(*Id.* ¶¶ 8, 10.)

The court is troubled by the discrepancy between the address to which Ms. Lombardi's counsel states that he sent the service packet intended for the USAO and the

ORDER - 6

address to which he apparently actually sent the packet.  Defendants, however, acknowledge that they received a mailing from counsel on July 30, 2025, but assert that the service packet was incomplete.  (*See generally* MTD.)  The court cannot conclude, based on the evidence before it, that Ms. Lombardi has met her burden to establish that service was valid.  *Brockmeyer*, 383 F.3d at 801.  Nevertheless, mindful of Rule 4(i)(4)'s admonition that the court should allow a party reasonable time to cure its failure to properly serve a defendant under Rule 4(i)(2), the court will exercise its discretion to quash Ms. Lombardi's prior attempt at service and allow Ms. Lombardi a second chance to effectuate proper service.  *See S.J.*, 470 F.3d at 1293.  Accordingly, the court DENIES Ms. Lombardi's motion for entry of default and DENIES Defendants' motion to dismiss.

## IV.   CONCLUSION

For the foregoing reasons, the court DENIES Ms. Lombardi's motion for entry of default (Dkt. # 6); DENIES Defendants' cross-motion to dismiss (Dkt. # 8); and QUASHES Ms. Lombardi's July 2025 attempt at service.  Ms. Lombardi shall file proof of proper service on Defendants by no later than **May 13, 2026**.  Failure to do so will result in the dismissal of this case without prejudice.

Dated this 13th day of April, 2026.

JAMES L. ROBART
United States District Judge

ORDER - 7